IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFFANY SMITH, as parent and natural guardian of Deante Smith;<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF OMAHA, a political subdivision existing and organized in the State of Nebraska; OMAHA POLICE DEPARTMENT, ALEX HAYES, Chief of Police, individually and in his official capacity; BENJAMIN EDWARDS, Omaha Police Officer, individually and in his official capacity; AAREN ANDERSON, Omaha Police Officer, individually and in his official capacity; JERALD SWANSON, Omaha Police Officer, individually and in his official capacity; DON KLEINE, Douglas County Attorney, individually and in his official capacity; JOHN DOE, Douglas County Attorney, individually and in his official capacity; DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska; and JOHN DOES 1-100,<br><br>　　　　　Defendants. | 8:12CV331<br><br><br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on the plaintiff's objection, Filing No. 41, to the magistrate judge's order, Filing No. 40, denying her motion to withdraw the Rule 26(f) report filed by defendants City of Omaha, Omaha Police Department, Alex Hayes, Benjamin Edwards, Aaren Anderson, and Jerald Swanson ("the City defendants"), Filing No. 38. In his motion to withdraw the report, the plaintiff argued that counsel for the City defendants misrepresented to the court whether the parties believe mediation would be appropriate. In response, plaintiff explained that it submitted the report based on the parties' joint agreements—although the plaintiff thought mediation was appropriate, the City defendants did not and no agreement to mediate was represented to the court.

Filing No. 39, Response at 1-2.  The City defendants assert that they did not intend to mislead the court.  *Id.* at 2.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive' matters are covered by § 636(b)(1)(B).  *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a).  On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).  Dispositive motions, however, are subject to *de novo* review.  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003); 28 U.S.C. § 636(b)(1).

The court finds no error in the magistrate judge's order.  The magistrate judge had been provided the plaintiff's explanation and rationale.  Under the circumstances, the court finds it unnecessary to withdraw the report since any potential misunderstanding has been explained.  The plaintiff is free to file a motion to compel mediation.  Accordingly,

IT IS ORDERED that the plaintiff's objection (Filing No. 41) to the magistrate judge's order (Filing No. 40) is overruled.

Dated this 1st day of July, 2013.

                                                BY THE COURT:

                                                s/ Joseph F. Bataillon
                                                United States District Judge