IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIFFANY SMITH, as parent and natural guardian of Deante Smith; | **8:12CV331** |
| Plaintiff, | |
| vs. | |
| CITY OF OMAHA, a political subdivision existing and organized in the State of Nebraska; OMAHA POLICE DEPARTMENT, ALEX HAYES, Chief of Police, individually and in his official capacity; BENJAMIN EDWARDS, Omaha Police Officer, individually and in his official capacity; AAREN ANDERSON, Omaha Police Officer, individually and in his official capacity; JERALD SWANSON, Omaha Police Officer, individually and in his official capacity; DON KLEINE, Douglas County Attorney, individually and in his official capacity; JOHN DOE, Douglas County Attorney, individually and in his official capacity; DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska; and JOHN DOES 1-100, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on the motion to dismiss filed by defendants City of Omaha, Omaha Police Department, Alex Hayes, Benjamin Edwards, Aaren Anderson, and Jerald Swanson (hereinafter, "the City defendants"), Filing No. 14.  This is an action for damages for violation of civil rights under 42 U.S.C. § 1983 and for assault and battery, false arrest and malicious prosecution under the Nebraska Political Subdivisions Tort Claims Act.  Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

In her complaint, the plaintiff, as parent and natural guardian of Deante Smith, alleges a violation of Deante Smith's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution under 42 U.S.C. § 1983.  She alleges the

defendants engaged in illegal conduct and that the activities were based on a racially discriminatory practice, policy or agenda (presumably of the City) whereby black individuals are charged with crimes in violation of their constitutional rights.  In her first cause of action, plaintiff alleges defendant Omaha police officers arrested Deante Smith without a warrant and without charging him with a crime, handcuffed him and placed him in the back of an Omaha Police Department vehicle in violation of Deante Smith's right to be free from unreasonable arrest under the Fourth Amendment.  She further alleges the officers used excessive force in effecting the arrest.  She also alleges the arrest was pursuant to a custom or policy of the City of Omaha and also asserts the City failed to properly train the defendant officers.

The plaintiff also asserts state law claims on behalf of Deante Smith for malicious prosecution (Second Cause of Action), abuse of process (Third Cause of Action), conspiracy (Fourth Cause of Action), and false arrest (Fifth Cause of Action).  The City defendants do not challenge the plaintiff's constitutional claim.  They move to dismiss the plaintiff's state law claims for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).  They assert sovereign immunity from suit for false arrest/false imprisonment under exemptions contained in the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-910.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial

experience and common sense." *Id.* at 679.   Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   *Id.*   Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.*   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.   *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.   *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).   When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6).   *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

Under Nebraska law, the state and certain governmental units are immune from suit unless the state consents to suit.   *McKenna v. Julian*, 763 N.W.2d 384, 389 (Neb. 2009).   Tort actions against political subdivisions of the State of Nebraska are governed exclusively by the Political Subdivisions Tort Claims Act ("PSTCA") (stating that "[w]here a claim against an employee of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA")).   Neb. Rev. Stat. § 13–901 *et seq.*; *McKenna*, 763 N.W.2d at 389.   A political subdivision includes a city.   Neb. Rev. Stat. § 13-903.   The Legislature, through the

PSTCA, has removed, in part, the traditional immunity of subdivisions for the negligent acts of their employees. *Id.*; *see* Neb. Rev. Stat. §§ 13-902; 13-903(4) (waiving sovereign immunity for negligence claims against officers in their official capacities). The PSTCA does not apply to actions against political subdivisions or their employees based on claims of "assault, battery, false arrest, false imprisonment, malicious prosecution, [and] abuse of process." Neb. Rev. Stat. § 13–910(7). These are among the exceptions to the PSTCA's waiver of sovereign immunity. *McKenna*, 763 N.W.2d at 389, 391 (noting that a claimant has an available remedy for such conduct under 42 U.S.C. § 1983 in a claim for unconstitutional seizure).

The allegations in the complaint in connection with the plaintiff's state law claims for malicious prosecution, abuse of process, and false arrest are subject to dismissal because the State has not waived its immunity for those claims. With respect to the plaintiff's claims for conspiracy, however, it is not clear on the face of the complaint whether the plaintiff is alleging conspiracy to deprive Deante Smith of his rights under state law or under the Constitution. To the extent they allege conspiracy to deprive him of state law rights, they are subject to dismissal.

The court finds, however, that the plaintiff's allegations of conspiracy, taken as true, are sufficient to state a claim for conspiracy to deprive Deante Smith of his constitutional rights under 42 U.S.C. § 1985. To state a claim under 42 U.S.C. § 1985(3),

> "'[A] complaint must allege that the defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of [the]

conspiracy,' whereby another was (4a) 'injured in his person of property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.'"

*Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates.  *Novotny*, 442 U.S. at 372.  The statute provides a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy.  *Henley v. Brown*, 686 F.3d 634, 641 (8th Cir. 2012).  The plaintiff alleges a violation of Deante Smith's defined federal rights to equal protection and rights to be free from unreasonable seizures or use of excessive force.  Accordingly,

IT IS ORDERED:

1.      The motion to dismiss of defendants Aaren Anderson, City of Omaha, Benjamin Edwards, Alex Hayes, Omaha Police Department, and Jerald Swanson (Filing No. 14) is granted with respect to the plaintiff's Second, Third, and Fifth Clauses of Action and denied with respect to the plaintiff's Fourth Cause of Action.

2.      Defendants Aaren Anderson, City of Omaha, Benjamin Edwards, Alex Hayes, Omaha Police Department, and Jerald Swanson shall answer or otherwise plead within 7 days of the date of this order.

Dated this 2nd day of July, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge